UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL DOCKET NO.: 15-61 |
| VERSUS | SECTION: E |
| LISA A. CRINEL | MAGISTRATE: 5 |

**POST-HEARING MEMORANDUM IN OPPOSITION
TO MOTION TO DISQUALIFY COUNSEL**

NOW INTO COURT, comes Lisa A. Crinel, who respectfully submits this post-hearing memorandum, as ordered by the Court at the conclusion of June 26, 2015 evidentiary hearing.

This Court may disqualify Ike Spears as counsel for Wilneisha Jakes, if, and only if the government establishes that: 1) there was an attorney-client relationship between Lisa A. Crinel and Ike Spears; 2) this attorney-client relationship creates a conflict of interest with Mr. Spears's current client (and Ms. Crinel's daughter), Wilneisha Jakes; and 3) this conflict is so egregious that it cannot be waived.  The government cannot satisfy even the first of its three burdens of proof - much less all of them.

In her verified response to the government's motion, R. Doc. 265, Ms. Crinel set forth each and every instance of prior representation by Mr. Spears.  None of those prior representations creates a conflict, or even a potential conflict, with Mr. Spears's current client, Ms. Jakes.  Accordingly, the government has only Mr. Spears's presence at the March 25, 2014 execution of the search and seizure warrants at the Abide office to serve as a basis for the attorney-client relationship it claims existed between Ike Spears and Lisa Crinel.  It is inadequate.

As explained by Mr. Spears:

> Now, on the merits of the case, on the date of the raid, which was, I believe, March of last year, on the date of the raid, I had no attorney-client relationship with Lisa Crinel. Okay?
> I responded to a call by her then attorney, Clarence Roby, who called my office and said, I don't know if it was the feds, the FBI, but, essentially, that, "Lisa Crinel's office is being raided. I cannot be there. I'm in Court. Would you see if Ike could go and stand in for me?"
> In response to that, my office called me. I left wherever I was, which I believe might have been Criminal District Court, immediately dispatched to the Abide Home Health Care offices, spent the entirety of the day there with Lisa Crinel, her daughter, Wilneisha Jakes. David Belfield was there when I arrived. And at some point during my presence, Clarence Roby ultimately did arrive.
> So on the merits of the issue, Lisa Crinel, Abide, had not hired me. I was not their lawyer on the date of the raid.

June 26, 2015 Hearing Transcript at 41:11 – 42:4. Mr. Spears went on to explain:

> So I can't tell what you I did know or didn't know on that day. I can tell you this: Ike Spears never called the U.S. Attorney or anyone else about releasing Lisa's money; Ike Spears is not in that transcript that's been introduced to the Court where apparently there was some hearing about unsealing documents.
> I have not made any formal appearances on Lisa's behalf in connection with this case. And, in fact, I think she knew from the beginning that I was not going to represent her in connection with this; and I knew from the beginning that I was not going to represent her in connection with this.

*Id.* at 61:13-23. The Government offered nothing to rebut this testimony.

The government's next witness, Agent Delaneuville, could not establish that any privileged information was discussed while Ms. Crinel, Ms. Jakes, Mr. Roby, Mr. Belfield, and Mr. Spears waited in the conference room during the search:

> **Q.** […] But do you have any information that would suggest that the conversations that were taking place in Room J were in any ways legal conversations between the lawyers and their clients?
> **A.** No, sir. I have no idea what was being said amongst the group of people who were in there.

*Id.* at 89:19-24.  Further, Agent Delaneuville could not say that Mr. Spears possessed any confidential information regarding Ms. Crinel or Abide, and he had no other communications with Mr. Spears regarding this case after the day of the search.  *Id.* at 90:24 – 91:4.

Sylvia Walker, the next government witness and a former Abide employee, could only state that the day after the search, Ms. Crinel called an office meeting, where Ms. Walker believes Ms. Crinel said "'Clarence Roby, Ike Spears, and David Belfield are meeting with the feds.  They're meeting with them this morning.'"  *Id.* at 98:4-6.  However, that was not the case.  *Id.* at 62:1-5 ("Q. [   ] you did not attend a meeting at the U.S. Attorney's Office the day following the search? A. [Mr. Spears:] I did not, and I did not call anyone at the U.S. Attorney's Office concerning the search.").

Kim Francois similarly testified that she believes Ms. Crinel held an office meeting the day after the search where she said "her three attorneys were headed to Baton Rouge to discuss what was going on."  *Id.* at 119:19-21.  Again, this is demonstrably erroneous:  only two attorneys attended this "meeting"—neither of whom was Ike Spears; and the meeting itself did not take place in Baton Rouge.  This witness also purports to have heard Ms. Crinel state that Mr. Belfield told her to "[g]o on ahead and take a plea" even though Mr. Belfield testified that he never said such a thing.  *Compare id.* at 120:23-24 *with* 148:2-7, 156:23-25, 157:1-4.

Collectively, none of the Government's witnesses were aware of any confidential information that Mr. Spears had that would be helpful to one client but harmful to another.  In fact, a review of the *Perillo* factors demonstrates that it is legally impossible to find a conflict on these facts, based on the testimony of the witnesses. *See Perillo v. Johnson*, 205 F.3d 775, 798-99 (5th Cir. 2000).  The government's documentary exhibits add nothing to its arguments.

Government Exhibit 1 unequivocally demonstrates that Ms. Crinel did not include Mr. Spears in her list of her attorneys for the past seven years. Exhibit 2, which includes Ms. Crinel's timeline memorandum, explains "[m]y 3 attorneys (Clarence Roby (CR), Ike Spears (IS) and David Belfield (DB)) remained with my daughter and I (in an isolated office that was guarded by AD) during the search." This statement is consistent with the witnesses' testimony. Ms. Crinel's use of the word "my," without more, does not establish an attorney-client relationship. The rest of the facts explaining how Mr. Spears came to be at the office on the day of the search, coupled with his complete lack of participation following the search, leave the *Perillo* factors unsatisfied, and should leave this Court equally unsatisfied with the government's showing.

For the reasons explained above, and those set forth in the pre-hearing memoranda, the government's motion to disqualify Ike Spears as counsel for Wilneisha Jakes should be denied.

Respectfully submitted,

*/s/Sara A. Johnson*
Herbert V. Larson, Jr. (La. Bar No. 8052)
Sara A. Johnson (La. Bar No. 31207)
The Law Offices of Herbert V. Larson, Jr.
700 Camp Street
New Orleans, LA 70130
(504) 528-9500
hvl@hvllaw.com
saj@hvllaw.com

**CERTIFICATE OF SERVICE**

This certifies that I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system that will send a notice of electronic filing to all counsel of record.

Dated: July 6, 2015.         */s/Sara A. Johnson*
                              Sara A. Johnson