UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 15-61** |
| **VERSUS** | * | **SECTION: "E" (5)** |
| **HENRY EVANS, ET AL** | * | |

\* \* \*

## OPPOSITION TO MOTION TO CONTINUE WITHOUT DATE DEADLINE FOR FILING MOTIONS TO SUPPRESS

On March 25, 2014, a search warrant was executed on the medical office of defendant Henry Evans (Evans). On that same day, search warrants were executed at other venues owned or operated by some of Evans' co-defendants. Evans was left with, and signed, an FD-597 Receipt for Property Received/Returned/Released/Seized. *See* Attachment A.[1] Between July 18, 2014, and September 22, 2014, Evans provided the Government with copies of patient files Bates numbered LAMC00001 through LAMC04564. On April 29, 2015, when the Government provided Evans' counsel with the initial discovery production on a thumb drive, the files taken pursuant to the search warrant executed at Evans' office were electronically produced and identified as Bates numbers 239395-251022.

At a status conference on June 19, 2015, the Court set a deadline for filing motions to suppress by July 20, 2015. No objection to this date was made by any of the parties. Evans moved to continue the date for filing motions to suppress without date. Evans states that he has not yet completed his review and evaluation of documents that have been provided electronically by the Government though Evans adds that he does not have the discovery materials that the Government has promised and this prevents him from timely filing a motion to suppress. Rec. Doc. 311.

---

[1] The patient names have been redacted.

All of the evidence is, and has been, available at the Federal Bureau of Investigation (FBI) since the indictment of this case.[2]  One of Evans' two attorneys and a medical consultant spent approximately 4½ hours at the FBI reviewing evidence on June 10, 2015, and counsel candidly admitted that he has not gotten through the first thumb drive provided by the Government.  *See* Attachment B.  On June 12, 2015, Evans' counsel requested inventories of the Abide patient files, a list of all evidence collected, and search warrant inventories from all sites.  *See* Attachment C.  On June 22, 2015, the Government provided inventories for all of the evidence housed at the FBI and the other items requested by Evans.  *See* Attachment D.

The only evidence that Evans does not have is a database from Zone Program Integrity Contractor AdvanceMed which the Government is working to complete.

Evans states that he does not know what evidence should be suppressed because he has not fully evaluated whether good grounds exist for such a motion.  He does not explain how the AdvanceMed evidence could be subject to suppression or how such evidence will assist him in such a motion.

On March 25, 2014, the Government executed search warrants on the medical office of Evans.  Evans was left with an inventory of items that were taken by federal agents.  *See* Attachment A.  The Government provided him with an Evidence Report detailing what was in each box taken from Evans' office.  *See* Attachment E.[3]  Other requests for information by Evans have been promptly addressed by Special Agent Krista Bradford or personnel from the United States Attorney's Office.  Additionally, FBI Special Agent Bradford has had conversation with counsel for Evans explaining the circumstances under which he may review any evidence obtained in the search warrant from his client's computers.  The warrant affidavit underlying the

---

[2] This does not include the AdvanceMed database which must be reconfigured to be made discoverable.
[3] Patient information has been redacted.

search on March 25, 2014, was unsealed on March 17, 2015. *See* Attachment F. Evans has electronic copies of all patient files seized as well as those patient files he provided. He has the affidavit supporting the search warrant and the requested inventories. He has access to the FBI and the prompt assistance of the FBI.

While the Government does not presume to know the defendant's strategy underlying an anticipated motion to suppress evidence, it appears that Evans has all that is necessary to move to suppress the only evidence to which he has standing to suppress – the search of his own office, the only area over which Evans had an expectation of privacy. *See United States v. Ibarra*, 948 F.2d 903, 905 (5th Cir. 1991), *cited* in Rec. Doc. 242, the Court's order denying co-defendant Suprenia Washington's motion to adopt motion to suppress filed by Crinel.

Unnecessary delay in filing motions to suppress evidence, particularly without any deadline for such filing, in unwarranted. The outstanding ZPIC data has nothing whatever to do with the probable cause the Government had to search Evans' medical offices. Although not in the minute entry, undersigned counsel recalls that the Court mentioned wanting to decide all suppression motions together. One such motion has been pending since March 13, 2015. *See* Rec. Doc. 26.

Whether an individual may seek refuge in the Fourth Amendment "depends not upon a property right in the invaded place but upon whether the person who claims the protection of the [Fourth] Amendment has a legitimate expectation of privacy in the invaded place." *Taffaro v. Peralta*, No. CIV.A. 12-2720, 2013 WL 2155657, at *5 (E.D. La. May 17, 2013) , *citing Rakas v. Illinois,* 99 S.Ct. 421 (1978). Here, no evidence suggests that Evans' expectation of privacy extended to any location other than his own offices. The traditional standard for review of an issuing magistrate's probable cause determination has been that, so long as the magistrate had a

3

'substantial basis for ... conclud[ing]" that a search would uncover evidence of wrongdoing, the Fourth Amendment requires no more"). *Id*., *citing Illinois v. Gates,* 462 U.S. 213, 236 (1983). Put another way, was the magistrate provided with sufficient reliable information from which she could reasonably conclude that the items sought in the warrant were probably at the location sought to be searched? *Id*., *United States v. Wake,* 948 F.2d 1422, 1428 (5th Cir.1991). The duty of this Court is to ensure that the magistrate had a "substantial basis for ... conclud[ing]" that probable cause existed to search the medical office of Evans. *Illinois v. Gates,* 462 U.S. 213, 238–39. Evans has access to all evidence necessary to challenge any probable cause determination made in support of the warrant to search his business on March 25, 2014.

 F.R.Cr.P.12(b)(3)(C) states that a party must raise a motion to suppress evidence by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits. F.R.Cr.P.12(c)(1) permits this Court to set a deadline as soon after arraignment as practicable. If a party does not meet the deadline for making a suppression motion, the motion is untimely. F.R.Cr.P.12(c)(2). A defendant waives suppression issues not raised by the district court's deadline. <u>United States v. Oliver</u>, 630 F.3d 397, 411 (5th Cir. 2011). The purpose of a rule requiring that motions to suppress evidence to be introduced prior to trial is to facilitate a uniform presentation of the facts and law to the jury with as few disruptive intervals as possible. <u>Small v. United States</u>, 396 F.2d 764, 765-66 (5th Cir. 1968). Although the trial judge is free to exercise judicial discretion when a motion is offered for the first time during the trial where there would be obvious prejudice to the defendant, the granting of such a motion is disfavored where counsel was fully aware of the facts prior to trial and had ample opportunity to present the motion. *Id., citing Anderson v. United States*, 355 F.2d 928 (5th Cir. 1966); *Birdsell v. United States*, 346 F.2d 775, 782 (5th Cir. 1965), *cert. denied*., 86

S.Ct. 449.  In *Small,* the court ruled that the trial court did not err, in part, because counsel had complete knowledge of the facts in ample time to present the motion prior to trial and that the delay was apparently part of counsel's trial stratagem.  *Id.*

Admittedly, Evans is not attempting to file a suppression motion at trial.  But Evans is fully aware of the facts he would need to file a motion to suppress evidence obtained in the search of his medical offices and the Court's discretion to put a deadline on this motion is not unreasonable.  That Evans wants no deadline – other than trial – to file a suppression motion is unsupported by his motion and the facts of this case.

WHEREFORE, the Government prays that Evans' motion to remove a deadline for filing motion to suppress be DENIED.

Respectfully submitted,

KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY


*/s/ Patrice Harris Sullivan*
PATRICE HARRIS SULLIVAN (LA #14987)
ANDRE LAGARDE (LA #28649)
SHARAN LIEBERMAN (NY #4175865)
Assistant United States Attorneys
650 Poydras Street, Suite 1600
New Orleans, Louisiana  70130
Telephone:  (504) 680-3000
Facsimile: (504) 680-3602
Patrice.Sullivan@usdoj.gov
Andre.Lagarde@usdoj.gov
Sharan.Lieberman@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all defense counsel of record.

*/s/ Patrice Harris Sullivan*
PATRICE HARRIS SULLIVAN
Assistant United States Attorney